William J. Began, S.
A petition for administration was filed in this estate on May 20, 1968 by one of the distributees. The attorney in this petition had evidently assumed that a purported *269 will was not valid because the witnesses listed therein had denied to him executing said will.
At the court’s insistence, however, a petition was filed presenting the purported will to this court for examination and probate if found to be valid. In this proceeding, in addition to the distributees, all legatees named in said instrument were cited.
A thorough and complete examination of two persons whose names appear as witnesses was held before this court.
The instrument, obviously drawn by decedent and/or her husband, appears first to be a joint will dated July 18, 1960, then turns into a purported will signed only by Dora V. Lynch with conflicting dates July 17, 1967 and July 18, 1964. On this printed form, below the attestation clause, appear the names of the two witnesses.
Each of the witnesses testified that he had “ no idea at all ” how his name appeared on the . paper. While both of the witnesses agreed that the signatures ‘ ‘ looked like ’ ’ theirs, neither had the faintest recollection of partaking in the execution of the will. One of these witnesses stated “ can’t say it is my signature I don’t recall writing it ”. This witness also stated “ It appears to be my signature but how it got there I don’t know, I never wrote in front of the woman ”. The witnesses, who are husband and wife, testified that they discussed the matter between them and “ feel stupid ” that they remember nothing and summed the whole transaction up “ as a mystery ”.
Thorough examination and cross-examination of the witnesses brought no flicker of recollection.
Discussion with the witnesses brought out that, in the execution of their own personal wills, they realized the necessary formalities and requirements necessary in the witnessing of wills but failed to relate these elements to the instrument in question.
It is true that an attestation clause may often assist where a witness’ memory fails in recalling specific times, places, etc., but here the clause itself was not familiar to the witnesses and neither professed to ever having read it.
SOPA 1405 (subd. 4) permits a court to dispense with testimony of witnesses where “ all of the attesting witnesses are dead or incompetent or unable to testify by reason of physical or mental condition * * * the will may nevertheless be admitted to probate upon proof of the handwriting of the testator and of the attesting witnesses and such other facts as would be sufficient to prove the will.”
*270 Although the statutes relating to the manner of execution of a will have been liberalized and the requirements made less formal than before, it appears to the court in the matter before us that the necessary tests of the execution have not been satisfactorily met. The court is not satisfied with the genuineness of the will nor the validity of its execution, and will therefore order that this instrument be denied probate.